■ 250 WEST 41ST STREET REALTY CORP. et al., Appellants, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Respondents. [715 NYS2d 407] —Judgment, Supreme Court, New York County (Stanley Parness, J.), entered May 12, 2000, dismissing the complaint and bringing up for review an order, same court and Justice, entered May 8, 2000, granting defendants' motion to dismiss the complaint pursuant to CPLR 3211, unanimously modified, on the law, to declare that defendants-condemnors' acquisition of the subject property is not time-barred, and otherwise affirmed, without costs. Appeal from the order, entered May 8, 2000, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

EDPL 401 (B) provides an initial limitation period of three years in which a condemnor may commence proceedings to acquire condemned property, with a ten-year limit applicable to projects planned to progress in stages (EDPL 401 [C]). The statute further provides that, on expiration of the three-year period, "the project shall be deemed abandoned, and thereafter, before commencing proceedings under this article the condemnor must again comply with the provisions of [EDPL] article two" (EDPL 401 [B]). The motion court correctly found this entire portion of the statute, including its provision for revival of acquisition proceedings by the condemnor, applicable not merely to single-stage projects deemed abandoned after three years if acquisition has not occurred, but to multi-staged

projects, such as the one here at issue, for which the acquisition period may extend for ten years. Limiting the applicability of the statute's revival provisions to single-stage projects as plaintiffs urge, would fail to give effect to the language and intent of the legislation (*see, Bryant v New York City Health & Hosps. Corp.*, 93 NY2d 592, 609-610), which is not to provide a means of foreclosing development, but to assure that development is preceded at appropriate intervals by an environmental review process involving the affected community (*see, Matter of Leichter v New York State Urban Dev. Corp.*, 154 AD2d 258, 261).

We modify the appealed disposition in this declaratory judgment action only to declare in defendants' favor (*see, Lanza v Wagner*, 11 NY2d 317). Concur—Nardelli, J. P., Tom, Wallach, Andrias and Saxe, JJ.